IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | NO. 1:12-cv-00198-LG-JMR |
| | * | |
| EMMA RAINE, | * | |
| | * | |
| Defendant. | * | |

## ANSWER OF LEXINGTON INSURANCE COMPANY TO COUNTERCLAIM

COMES NOW Plaintiff/Counterclaim Defendant Lexington Insurance Company (hereinafter "LEXINGTON"), and for answer to the counterclaim filed by Defendant/Counterclaimant Emma Raine (hereinafter "RAINE"), states as follows:

### FIRST DEFENSE

RAINE has failed to state a claim for which relief may be granted.

### SECOND DEFENSE

LEXINGTON responds to the allegations in RAINE'S Counterclaim as follows:

1. LEXINGTON admits that RAINE was the named insured on Lexington Insurance Company policy number L022057545 02. All other allegations in this paragraph are denied.

2. Denied.

3. Denied. It is specifically denied that RAINE is entitled to damages against LEXINGTON in any manner whatsoever.

4. Denied. It is specifically denied that RAINE is entitled to damages against LEXINGTON in any manner whatsoever.

As to the un-numbered paragraph following paragraph 4, LEXINGTON denies that RAINE is entitled to the specific relief requested and for any other relief whatsoever.

## AFFIRMATIVE DEFENSES

### THIRD DEFENSE

LEXINGTON committed no act that proximately caused or contributed to any damages sustained by RAINE.

### FOURTH DEFENSE

The injuries and damages complained of herein resulted from the acts or omissions of persons or entities other than LEXINGTON.  Alternatively, said acts or omissions or persons or entities other than LEXINGTON constitute an independent, superseding cause to the injuries and damages complained of herein; hence, RAINE ought not to recover.

### FIFTH DEFENSE

LEXINGTON has not breached any duty owed to RAINE by virtue of any applicable Mississippi statute.

### SIXTH DEFENSE

LEXINGTON has not breached any duty owed to RAINE by virtue of any applicable state or federal rules, regulations, or standards.

### SEVENTH DEFENSE

LEXINGTON is entitled to a set-off and credit for any and all sums paid to or on behalf of RAINE by any other party or collateral source as a result of or related to this lawsuit.

**EIGHTH DEFENSE**

LEXINGTON pleads all applicable portions of the policy of insurance issued by LEXINGTON to Emma Raine, policy number L022057545-02 for the policy period March 2, 2011 to March 2, 2012, as if copied herein *in extensor*, including all policy renewals and extensions.

**NINTH DEFENSE**

Without waiving the applicability of any other portion of the policy of insurance, LEXINGTON pleads this specific portion of the policy contained in Form US 04 42 (09-07), the Master Endorsement which states that:

**SECTION I – CONDITIONS**

**Q.  Concealment or Fraud** is deleted.

\* \* \*

**SECTIONS I AND II – CONDITIONS**

The following condition is added:

**Concealment or Fraud**
The entire policy will be voidable if, regardless of whether related to a loss, any "insured", their agent, or their broker:
1. intentionally conceals or misrepresents any material fact or circumstance;
2. engages in fraudulent conduct; or
3. makes false statement;
    relating to the insurance provided under any part of this policy.

**TENTH DEFENSE**

Pursuant to MISS. CODE ANN. § 85-5-7, § 11-7-15, and all other Mississippi law, including but not limited to *Estate of Hunter v. General Motors Corp.*, 729 So. 2d 1264 (Miss. 1999), LEXINGTON asserts all claims that it may have for contribution among joint tortfeasors,

apportionment of fault and other safeguards contained therein and/or set-off of any amount paid in settlement or reimbursement by any other person or entity.

**ELEVENTH DEFENSE**

LEXINGTON avers that RAINE has failed to mitigate her damages.

**TWELFTH DEFENSE**

Each and every claim stated in RAINE'S Counterclaim is barred in whole or in part by the applicable statute of limitations, unclean hands and/or the doctrine of laches.

**THIRTEENTH DEFENSE**

The policy is void as a result of RAINE's intentional conduct in causing the damage to the property.

**FOURTEENTH DEFENSE**

LEXINGTON avers that RAINE is barred from recovery as she is the sole cause of her alleged damages.

**FIFTEENTH DEFENSE**

LEXINGTON avers that RAINE ought not profit from her own criminal conduct and as such there is no coverage under the LEXINGTON policy.

**SIXTEENTH DEFENSE**

LEXINGTON is entitled to a set-off and credit for any and all sums paid to or on behalf of RAINE by any other party or collateral source as a result of or related to this lawsuit.

**SEVENTEENTH DEFENSE**

Pursuant to MISS. CODE ANN. § 85-5-7(8), 1) fault shall be allocated to all joint tortfeasors, including all named, absent and immune parties; 2) LEXINGTON is only severally liable for non-economic damages; 3) if LEXINGTON'S allocated fault for economic damages is

determined by a trier of fact to be less than thirty percent (30%), then liability is several only; however, if LEXINGTON'S allocated fault is thirty percent (30%) or more, then liability is joint and several, but only to the extent to allow the RAINE to recover fifty percent (50%) of the recoverable damages; and 4) fault allocated to an immune defendant is not reallocated among other tortfeasors.

## EIGHTEENTH DEFENSE

LEXINGTON reserves the right to amend its Answer to RAINE'S Counterclaim and assert any additional defenses that may be applicable to RAINE'S counterclaims.

## NINETEENTH DEFENSE

LEXINGTON reserves the right to amend its answer and assert such additional defenses as may be available upon the development of facts in the discovery process or otherwise in the course of this litigation and under applicable substantive law.

    /s/ Christina May Bolin
CHRISTINA MAY BOLIN (MS Bar# 100629)
E-Mail:  cbolin@alfordbolin.com
Attorney for Plaintiff

OF COUNSEL:

ALFORD BOLIN DOWDY, LLC
224 Dauphin Street
Mobile, Alabama  36602
(251) 432-1600
(251) 432-1700 (fax)

CERTIFICATE OF SERVICE

      I hereby certify that on July 13, 2012, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

Ben F. Galloway, Esq.
Owen, Galloway & Myers, PLLC
P.O. Drawer 420
Gulfport, MS  39502

Rufus H. Alldredge, Esq.
1921 22nd Avenue
Gulfport, MS  39501


      /s/ Christina May Bolin
      COUNSEL